### BISHOP v BISHOP

Ohio Appeals, 6th Dist, Lucas Co
No. 2545. Decided June 15, 1931

E. H. Ray and W. E. Crist, of Toledo, for Mary Bishop.

Taber, Chittenden & Daniells, Toledo, for C. E. Bishop.

RICHARDS, J.

The defendant was appointed guardian of her estate only, the law permitting the appointment of a guardian of an insane person to have charge of the estate only, the same as it permits in the appointment of a guardian for a minor.

Sec 10991 GC:

Heckman v Adams, 50 Oh St, 305.

The guardian having control over her estate only, would have no authority to dictate what her residence should be.

The case of Jordan, Gdn. v Dickson, et al, 10 Oh Dec. Repr., 147, is apparently one where the guardian was appointed of both the person and estate of the imbecile. Where the guardian is appointed for the estate only, the right of the ward to determine her residence can in no sense be in derogation of the guardian's authority.

There remains, however, the question as to the effect of the adjudication of insanity on May 11, 1929, in preventing her from thereafter establishing a residence in Lucas County. While the journal entry shows that no evidence was received on the trial of the instant case, a bill of exceptions was in fact taken from which it appears that the parties conceded that when she was adjudged insane she was committed under the provisions of §1961 GC, to the custody of her relatives, a brother and sister, and that the brother lived in Bryan or Defiance with whom she first lived after her commitment, and that thereafter she came to Toledo with his consent and apparently lived with a relative in Toledo. While the journal entry shows only that she offered to introduce evidence in her own behalf, the bill of exceptions shows that she offered to prove by the testimony of Dr. Kaiser, first assistant at the Toledo State Hospital, and by other witnesses, that she was actually sane for more than thirty days previous to the filing of her petition and was capable of forming an intention of establishing her residence in Lucas County, and was actually a resident thereof for more than a year prior to the filing of her petition. Manifestly this evidence was competent and should have been received, unless the adjudication of insanity raised a conclusive presumption that she was insane and that this presumption continued to be conclusive until she was formally adjudged sane.

In the absence of a statute to the contrary, the rule unquestionably is that an adjudication of insanity is admissible as evidence of insanity at a later time, although not conclusive. The adjudication raised a presumption of insanity, but this presumption is rebuttable.

32 C. J., 647, Par. 228:

One of the clearest and best reasoned decisions which we have seen on this question is the old case of Lucas v Parsons, et al., 23 Georgia, 267. Littleberry Lucas had been adjudged insane in Crawford County, Georgia, and thereafter moved to Monroe County in that state, where he executed a will and died, and the question for decision in the case was whether he was a resident of the county to which he had removed, or whether by reason of his insanity his residence must be held to continue in the county in which he was adjudged insane. The court held that the judgment of lunacy was conclusive evidence of that fact at the time the judgment was rendered and of that time only, and that it was not conclusive evidence that he was still insane at the time of his removal. In the present case, as in the one just cited, the insane person was not committed to an asylum but to the care of relatives and was at liberty to go with their consent wherever she wished. An extensive note on this question may be found in 7 A. L. R., 588, and it establishes that the presumption of insanity which continues after an adjudication of insanity is a reputable one.

Whether she had so recovered her sanity, and if so, whether she had after such recovery established a bona fide residence in Lucas County more than thirty days prior to the bringing of the action, were questions of fact which should have been determined by the trial court, and to exclude such evidence was prejudicial error.

For the reasons given the judgment will be reversed and the cause remanded for a new trial.

LLOYD and WILLIAMS, JJ, concur.